# CASES

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY,

### FEBRUARY TERM, 1865.

---

### EDWARD PRICE HUNT *vs.* JOHN AMBRUSTER.

1. The ordinance of the city of Camden, "authorizing and regulating the erection and building of party walls," is not repugnant to the constitution of the United States, or of this state. The land is not taken for public use.

2. Under that ordinance, the right to compensation for the use of a party wall enures not to the owner of the building at the time of its erection, but to the owner at the time the party wall is used for the purpose of building on the adjoining lot. It is not a personal claim of the grantor, but a right annexed to, and which passes with the ownership of the building to the grantee.

---

This was an application for an injunction. The case was heard upon the bill and answer.

*Mr. P. L. Voorhees,* for complainant.

The power to build party walls in the city of Camden is conferred by city ordinance. The corporation has power to pass by-laws, which become binding upon all the members of the corporation. *Willcock on Corp.* 100, 105; *Denning v. Roome,* 6 *Wend.* 656; *Sedgwick on Statutes* 474.

The ordinances of a corporation are, like statutes, to have a reasonable construction. *Sedgwick on Statutes* 466; *Willcock on Corp.* 159, 160.

The house was conveyed by the defendant, with the appurtenances, with all his claim and demand, with covenants of special warranty. There was no provision in the contract that the *builder* should be repaid half the cost of the wall, but that the *owner* of the building should be repaid by the owner of the lot adjoining. If a third party had made the improvement, Ambruster could have had no charge for the wall. 4 *Greenleaf's Cruise* 256, § 64; 2 *Washburn on R. Prop.* 468, § 12.

The grantor is estopped from setting up any claim which was in existence at the date of the grant. The deed conveys all the appurtenances. A party wall is an appurtenance. He is estopped by his covenant of warranty.

There is a series of decisions in Pennsylvania, apparently adverse. *Ingles* v. *Bringhurst*, 1 *Dall.* 341; *Davids* v. *Harris*, 9 *Barr* 501; *Todd* v. *Stokes*, 10 *Barr* 155; *Gilbert* v. *Drew, Ibid.* 219. These decisions were made under the act of April 24th, 1721. *Purdon's Dig. "Party Walls."*

The language of that act is that the first builder should be re-imbursed. On the 10th of April, 1849, the law was changed so that the right of compensation should be taken to have passed to the purchaser. *Bell* v. *Bronson*, 5 *Harris.* 363. The act of 1721 provides that the first *builder* shall be re-imbursed. The act of 1849 provides that the right to compensation shall be deemed to pass to a purchaser, and the right shall exist in the owner. There is no exception or reservation in the deed. 2 *Washburn on R. Prop.* 640, § 57; 4 *Greenleaf's Cruise* 271, *note.*

He cited also *Eno* v. *Del Vecchio*, 4 *Duer* 53; 3 *Kent's Com.* 438, *note.*

*Mr. G. M. Robeson*, for defendant.

On the 25th of February, 1860, the defendant conveyed to plaintiff the lot and the dwelling thereon erected by the

s *

grantor. He had established a party wall, partly on his own lot. Subsequently the grantor became seized of the adjoining lot, covering nine inches of the foundation wall, and four and a half inches of the superstructure. On the 10th of January, 1863, Ambruster purchased the adjoining lot, and proceeded to use four and a half inches of the wall.

On the 10th of March thereafter, the bill was filed. It contains a mere claim for compensation for the use of the wall. There is no pretence of a contract. The right of compensation does not pass with the land. It is a mere personal right. There is no such right at common law, or by our statutes. Such right exists in Paris, France, under the Code Napoleon.

The city charter of Camden gives no authority to the common council to authorize one man to occupy the land of another for his own purposes, and to demand compensation for so doing. The whole of section eighteen is directed to matters of police and the regulation of city affairs. Council may authorize two buildings to have one division wall, and prescribe its thickness. The power to occupy another's land cannot be granted by implication. *Sedgwick on Statutes* 341, 466; *People* v. *Albany*, 11 *Wend.* 539; *Baker* v. *City of Boston*, 12 *Pick.* 184; *Clark* v. *City of Syracuse*, 13 *Barb. S. C. R.* 32.

The ordinance gives authority to take one man's property for the benefit of another, without compensation.

The books are full of cases in regard to party walls, but except in Pennsylvania, they all rest on agreement, or on lapse of time from which an agreement can be inferred.

Where a statute or an ordinance authorizes party walls to be built on the property of another, compensation *must* be provided, or the act is unconstitutional. *Sedgwick on Statutes* 464. The city charter, section eighteen, authorizes such ordinances only as are not repugnant to the laws of this state, or of the United States.

As to the limitation and grant of powers to municipal corporations, see the language of the court in 13 *Barb.* 32.

As to personal right of compensation. *Ingles* v. *Bringhurst*, 1 *Dallas* 341; *Burlock* v. *Peck*, 2 *Duer* 90; *Campbell* v. *Mesier*, 4 *Johns. Ch. R.* 335; *S. C.*, 6 *Ibid.* 21.

The right of compensation for building a party wall does not exist at common law. *Sherred* v. *Cisco*, 4 *Sandf. S. C. R.* 480.

THE CHANCELLOR. On the 25th of February, 1860, the defendant, by deed of bargain and sale, with covenant of special warranty, conveyed to the complainant a house and lot of land in the city of Camden. The description of the premises, so far as it is at all pertinent to the present inquiry, is as follows: "Beginning at the northeast corner of Third and Linden streets, and running thence easterly along the north line of Linden street twenty feet to a corner, in the centre of a party wall, built alike on other lands of the said John Ambruster as on the land herein conveyed, thence northerly and parallel with Third street aforesaid, along the centre of the said party wall, ninety feet to a corner." The deed is in usual form, conveying with the land all the improvements, rights, liberties, privileges, hereditaments, and appurtenances thereunto belonging or appertaining, and all the estate, right, title, interest, property, claim and demand of the grantor, of, in, or to the same. The house thus conveyed was erected by Ambruster, the grantor. The party wall was constructed partly on his own lot, and partly on the adjoining lot, under the authority and pursuant to the provisions of an ordinance of the city "authorizing and regulating the erection and building of party walls." The ordinance provides that any person erecting a building within the city of Camden, may construct the outer foundation walls thereof equally on his own land and on the land of the adjoining proprietor, according to the directions of the city surveyor; and that the owner of the building first erected, shall be re-imbursed one moiety of the value of such party wall, or so much thereof as the next builder or owner upon the adjoining lot shall have occasion to make use of, before such next builder or owner shall in any wise use or break into the same.

The recital in the deed, that the house was erected partly upon an adjoining lot of the grantor, is conceded to be a mistake. It is admitted that when the house was erected, and when the deed from Ambruster to Hunt was executed, the adjoining lot, upon which half of the party wall stands, was owned by a third party. Ambruster afterwards became the purchaser of that lot, and commenced the erection of a house upon it, breaking into and using the party wall for the purposes of his own building, before re-imbursing the complainant for any portion of the value of the wall.

To restrain the party from thus using the wall before making compensation, and to compel a compliance with the requirements of the ordinance, the bill was filed.

The party wall, as constructed by the defendant, rests half of its width, or four and a half inches, on the land conveyed to the complainant; the remaining half, on the land now owned by the defendant. The partition line between the lots, as defined in the deed to the complainant, runs through the centre of the wall. The legal title, therefore, to one half of the wall, and to the land upon which it stands, is in the complainant. The legal title to the other half of the wall, and to the land upon which it stands, is in the defendant. The half of the wall upon each lot is subject to certain easements in favor of the adjoining lot.

The defendant claims that as he conveyed to the complainant one half of the wall only, his right to the remaining half remains unimpaired. That by virtue of the ordinance, he, as owner of the lot conveyed to the complainant, became entitled to the remuneration provided for the use of the wall upon the adjoining lot. That the right to the remuneration was a personal right, which could not pass by the deed, and that his grantee could acquire no right to such remuneration by virtue of the grant. A personal claim of the grantor clearly will not pass by a grant of the land. The principle is fully recognized in the cases which have arisen under the statute of Pennsylvania, of the 24th of April, 1721. *Purdon's Digest, " Party Walls."* By that act, the right to re-

muneration was given to the builder of the house first erected. And it has uniformly been held to be a personal claim of the builder, which did not pass with the land to any subsequent owner. *Davids* v. *Harris*, 9 *Barr* 501; *Todd* v. *Stokes*, 10 *Barr* 155; *Gilbert* v. *Drew*, *Ibid.* 219; *Bell* v. *Bronson*, 5 *Harris* 363.

But, by the ordinance in question, the right to be re-imbursed for the value of the wall is given to the owner of the building first erected. The right enures not to the owner of the building at the time of its erection, but to the owner at the time the party wall is used for the purpose of building on the adjoining lot. It is not a personal claim, but a right annexed to, and which passes with the ownership of the building. The right to the support of that part of the party wall standing on the adjoining lot, and to whatever other easements may exist as incident to the structure, passed by the deed as appurtenant to the land conveyed. The right to compensation for the use of the wall, also passed as an incident of ownership. Upon the execution of the deed, all the defendant's interest in the wall, and his right to compensation were determined. When he purchased the adjoining lot, he acquired the title, subject to the burden imposed by the ordinance.

It is objected that the city charter confers no power upon the common council to authorize one party to erect a wall upon the land of another, or to require the party whose land is thus occupied to make compensation for the use of such erection. The charter, in terms, authorizes the common council to pass ordinances " for authorizing the erection and building of partition or party walls and fences, and to regulate and govern the same." A party wall is a wall constructed upon the line of lands of two adjoining proprietors, and partly upon each, or it may be that the wall and the land upon which it stands are held in common. Where, however, a party wall is to be newly erected upon the lands of adjoining proprietors, each proprietor is the owner of so much of the wall as stands upon his own

land. The power to authorize the erection of such wall necessarily involves the power of authorizing its construction upon the application of either proprietor, with or without the consent of the adjoining proprietor. Without it, the authority is nugatory. The grant of power to accomplish a specified object includes, by necessary implication, all powers requisite to effect that object.

The ordinance is not repugnant to the constitution of the United States, or of this state, because compensation is not provided for the land occupied by the wall. The land is not taken for public use, and, therefore, not within the terms or meaning of the constitution. The land is not taken from the owner in any sense. It remains his, together with the wall constructed upon it. If he use it, or any part of it, for building purposes, he is required to pay the adjoining owner a moiety of the cost of the portion so used. The ordinance, for purposes deemed equally advantageous to both the adjoining proprietors, and beneficial to the corporation at large, imposes a burden upon the land. The proprietor of the land thus burdened, in contemplation of law, receives an equivalent in the corresponding easement which he enjoys in the land of the adjoining proprietor.

Similar laws have existed from a very early period in England and in this country, and they have been regarded not as unauthorized violations of the property or rights of the citizen, but rather as reasonable and useful regulations, and as evidences of a vigilant and civilized police. *Statute* 14, *Geo.* 3, *ch.* 78; *Purdon's Digest,* "*Party Walls;*" *Stat. of Penn., April* 24, 1721; 3 *Kent's Com.* 438, *note a*; *Ingles* v. *Bringhurst,* 1 *Dall.* 345.

The complainant is entitled to a decree.